## J. D. BRECKINRIDGE *v.* H. J. CARRICO.

[Abstract Kentucky Law Reporter, Vol. 3—533, as Breckenridge v. Carrico.]

**Possession Under Judicial Sale.**
    The purchaser of land at a judicial sale is entitled to possession after the confirmation of the sale, and an occupant and part owner of the land sold to pay debts and costs can not legally be permitted to occupy and enjoy the land free of rent after the sale and its confirmation.

### APPEAL FROM GRAVES CIRCUIT COURT.

January 7, 1882.

OPINION BY JUDGE LEWIS:

In his answer appellant states he was a joint owner of the land purchased by appellee, and that, in his own right as tenant in common with Smith's heirs and as their agent, he had the possession at the time the action for the sale was commenced and up to the time judgment for the sale was rendered. The

record also shows that he continued in the possession and enjoyment of the profits of the land during the year 1878, the sale having been made in December, 1877, and confirmed at the April term, 1878. He also states that the object of the sale, for which he as well as Smith's administrator sued, was to· pay the expenses and costs of the long litigation incurred in its recovery, presumably by himself and Smith.

But from the judgment in the two consolidated actions instituted by himself and Smith's administrator, a copy of which is made an exhibit in this action, it appears that the land purchased by appellee belonged to Smith's heirs, or at least ·was sold as their property, and that the debts amounting to $1,141.71, for which it was adjudged to be sold, were debts against the estate of Smith. If the allegations made by appellant in his answer be true, he occupies the unconscionable attitude of claiming the use and profits of land for a year after the sale made at his suit and for his benefit, and for which the purchaser has given sale bonds bearing interest from date. If the facts set forth in the judgment be true, his attitude is that of a mere intruder or stranger.

Whatever may be the rule in respect to the relative rights and duties of purchasers at judicial sales and debtors or mortgagors, there is no reason in this case for permitting appellant to occupy and enjoy the land free of rent subsequent to the sale and confirmation, whether he was a part owner of the land or mere intruder.

The judgment must, therefore, be *affirmed*.

*Boone & Stanfield, W. W. Tice, for appellant.*

*Anderson & Robertson, for appellee.*